DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that issued a civil protection order based on appellee's allegations of domestic violence. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Philip Walton sets forth the following assignments of error:
 {¶ 3} "I. The trial court committed error in permitting petitioner-appellant to relitigate in a domestic violence case allegations of abuse that had been litigated and rejected in a pending domestic relations case.
 {¶ 4} "II. The trial court's finding that domestic violence occurred is against the manifest weight of the evidence."
 {¶ 5} In July 2003, appellant Philip Walton filed a complaint for divorce against appellee Brenda Walton in the Wood County Court of Common Pleas, Domestic Relations Division (case no. 03-DR-138). During October, November and December 2003, three days of hearings were held on the parties' motions, including appellee's request for temporary custody of their two minor children and exclusive occupancy of the marital residence. On January 6, 2004, the domestic relations magistrate issued a decision rejecting appellee's requests and ordering the parties to rotate in and out of the marital home while the children remained there.[1] On January 15, 2004, appellee filed a petition for a civil protection order in the Wood County Court of Common Pleas, General Division (case no. 04-DV-003). The trial court issued an ex parte protection order that same day on the basis of appellee's affidavit and testimony. On January 20, 2004, appellant filed a motion asking the trial court to reconsider the necessity for and scope of the ex parte order, and on January 22, 2004, an evidentiary hearing was held on appellee's petition. At the hearing, the parties stipulated to the admission of certain exhibits that had been entered into evidence at the temporary motions hearings in the domestic relations case.
 {¶ 6} On February 5, 2004, the trial court filed a judgment entry in case no. 04-DV-003 finding that domestic violence had occurred. The trial court issued a civil protection order but stressed that the domestic violence order did not in any way modify the January 6, 2004 magistrate's order in case no. 03-DR-138. It is from the judgment issuing the civil protection order that appellant appeals.
 {¶ 7} In his first assignment of error, appellant asserts that, by hearing the allegations of abuse raised in appellee's petition for a civil protection order, the trial court relitigated issues that had been heard and rejected in the parties' pending domestic relations case. In support of his argument, appellant cites the doctrine of res judicata. Appellant argues that, while the mere filing of a divorce action is not a basis upon which to deny a civil protection order, the fact that a civil protection order is available as an additional remedy to domestic relations proceedings is not a license to relitigate in an attempt to obtain relief previously denied a party in the domestic relations court.
 {¶ 8} The doctrine of res judicata acts to bar claims previously adjudicated in full (historically called estoppel by judgment in Ohio) as well as issues that have been previously adjudicated between the same parties (generally known as collateral estoppel). See Whitehead v. Genl.Tel. Co. (1969), 20 Ohio St.2d 108, 112. Appellant argues that the proceedings in domestic relations court centered primarily on whether appellee had been abused by appellant, thereby precluding the issue of abuse from being litigated again in the action brought for a civil protection order. This court disagrees.
 {¶ 9} The Supreme Court of Ohio has recognized that there can be times when the circumstances surrounding a pending divorce may necessitate protective action more stringent than the general prohibition set forth in Civ.R. 75 which is incidental to the filing of any divorce action. InFelton v. Felton, 1997-Ohio-302, the court held at syllabus that "[a] court is not precluded by statute or public policy reasons from issuing a protection order pursuant to Ohio's civil domestic violence statute, R.C.3113.31, where the parties' dissolution or divorce decree already prohibits the parties from harassing each other." While the facts inFelton differ slightly from those of this case, what is significant is the Felton court's holding that there are times when the general civil remedy available through a protection order issued pursuant to R.C. 3113.31
is necessary during the pendency of a divorce.
 {¶ 10} Because the magistrate's January 6, 2004 report in case no. 03-DR-138 is a part of the record herein, we know that the court heard appellee testify that appellant had physically abused her. That evidence was presented, however, in the context of a hearing on appellee's motion for exclusive use of the marital residence. While the magistrate's order makes reference to appellee's claims that appellant physically abused her, the issue before that court clearly was that of residence in the marital home. The relief requested by appellee was exclusive use of the home. In the instant case, the issue was possible physical abuse and the relief requested was a civil protection order. After several days of testimony, the domestic relations magistrate denied appellee's motion.
 {¶ 11} Upon consideration of the foregoing, this court finds that appellee's petition for a civil protection order was not barred by res judicata and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 12} In his second assignment of error, appellant asserts that appellee's claims were contrived and that the trial court's finding that domestic violence occurred was against the manifest weight of the evidence. As set forth in R.C. 3113.31(A)(1), "[d]omestic violence means the occurrence of one or more of the following acts against a family or household member: (a) [a]ttempting to cause or recklessly causing bodily injury; (b) [p]lacing another person by the threat of force in fear of imminent serious physical harm * * *."
 {¶ 13} Pursuant to Felton, supra, at 42, "when granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." The decision whether to grant a civil protection order lies within the sound discretion of the trial court, Deacon v. Landers (1990),68 Ohio App. 3d 26, and an appellate court should not reverse the judgment of the trial court absent an abuse of that discretion. See also, Parrish v. Parrish, 2002-Ohio-1623 (Lundberg Stratton, J., dissenting). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} Upon review of the transcript of the January 22, 2004 hearing, we conclude that the issuance of the civil protection order was neither an abuse of discretion nor against the manifest weight of the evidence. Appellee testified that she filed the petition for a protection order because she was afraid of her husband and had been for quite some time because he had abused her physically and emotionally for most of their 22-year marriage. Appellee described specific instances of physical abuse inflicted on her by appellant and estimated that appellant had been physically abusive to her 50 times over the years. She also offered into evidence several photographs depicting bruises on her body which she testified were caused by appellant. Appellee described steps she took to protect herself from her husband on numerous occasions.
 {¶ 15} The trial court chose to believe appellee's testimony that appellant had physically abused her and that his actions put her in fear of physical harm. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 27, 1997), Montgomery App. No. 16288 Although the trial court could have chosen to credit appellant's testimony that there had never been any mental or physical abuse, we find that its determination that appellee showed by a preponderance of the evidence that she was in danger of domestic violence was neither an abuse of discretion nor against the manifest weight of the evidence and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 16} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, Pietrykowski, Singer, Judge Concur.
[1] The record in that case is not before this court, although the magistrate's decision is available to us as an attachment to appellant's motion to reconsider the trial court's ex parte civil protection order.