DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Calvin Lattany, appeals the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, granting appellee's domestic violence civil protection order. For the reasons set forth herein, we affirm.
 {¶ 2} The facts of this case are as follows. Appellant and appellee are married, though a divorce case is pending. Appellee filed a petition for a civil protection order, pursuant to R.C. 3113.31, on January 31, 2006, on behalf of herself and the parties' three *Page 2 
minor children. Appellee alleged that although appellant was residing at the Montgomery County Education Pre-Release Center, he was calling appellee threatening to kill her. Appellee alleged a history of physical abuse by appellant, including kicking her in the face, pulling her hair, and punching her. An ex parte hearing was held the same day and the trial court granted an ex parte civil protection order.
 {¶ 3} On February 3, 2006, appellee was served at the Montgomery County Education Pre-Release Center with a copy of the summons and complaint.
 {¶ 4} On March 10, 2006, a magistrate with the trial court held a full hearing. On March 13, 2006, the trial court approved, adopted, and entered a Civil Protection Order to be in effect for two years. Appellant's visitation rights with the minor children were suspended by the order.
 {¶ 5} Appellant timely filed a notice of appeal and now raises the following nine assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED BY AWARDING APPELLEE A CIVIL PROTECTION ORDER AGAINST APPELLANT WHERE THE TRIAL COURT FAILED TO HOLD A HEARING TO DETERMINE THE VALIDITY OF THE APPELLEE'S ALLEGATIONS AND PROCEEDED WITHOUT ALLOWING APPELLANT/DEFENDANT TO PRESENT EVIDENCE BY DEPOSITION TESTIMONY, PHONE RECORDS, LETTERS FROM APPELLEE OR SECURING AN ATTORNEY TO REPRESENT HIM AT FULL HEARING. *Page 3 
 {¶ 7} "II. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE APPELLEES[sic] PETITION FOR LACK OF COMPETENT EVIDENCE.
 {¶ 8} "III. THE TRIAL COURT ERRED IN DENYING APPELLANTS[sic] TESTIMONY IN HIS OWN BEHALF ON DIRECT EXAMINATION PURSUANT TO OHIO LAW AND THE UNITED STATES CONSTITUTION. THE COURT WAS REQUIRED TO PRESENT APPELLANT THE OPPORTUNITY TO SUBMIT TESTIMONY AND OTHER EVIDENCE BEFORE A FINDING OF FACTS COULD BE ISSUED.
 {¶ 9} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING A CIVIL PROTECTION ORDER INCLUDING THE APPELLANT/DEFENDANTS[sic] THREE MINOR CHILDREN.
 {¶ 10} "V. THE TRIAL COURT ABUSED ITS DISCRETION IN SUSPENDING THE DEFENDANT/APPELLANTS[sic] PARENTAL AND VISITATION RIGHTS TO HIS THREE MINOR CHILDREN.
 {¶ 11} "VI. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ALLOW DEFENDANT APPELLANT TO BE PRESENT AT THE MARCH 10, 2006 FULL HEARING WHERE WITNESS TESTIMONY WOULD HAVE BEEN FAVORABLE TO DEFENDANT APPELLANT AND WHERE PETITIONER/APPELLEE'S ALLEGATIONS WOULD HAVE PROVEN TO BE FRAUDULENT THEREBY DENYING DEFENDANT DUE PROCESS OF THE LAW. *Page 4 
 {¶ 12} "VII. THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT THE APPELLEE/PETITIONER HAD BEEN ARRESTED FOR DOMESTIC VIOLENCE AGAINST APPELLANT ON MORE THAN ONE OCCASION THUS DISCRIMINATING AGAINST DEFENDANT/APPELLANT.
 {¶ 13} "VIII. THE TRIAL COURT ABUSED ITS DISCRETION BY DISCRIMINATING AGAINST APPELLANT/DEFENDANT BECAUSE OF HIS INCARCERATION.
 {¶ 14} "IX. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING AN ORDER OF PROTECTION SUSPENDING HIS PARENTAL AND VISITATION RIGHTS WITH THREE MINOR CHILDREN IN DURATION OF TWO YEARS."
 {¶ 15} Appellant's first, third, sixth, and eighth assignments of error are related and will be discussed together. They all claim some error by the trial court related to the fact that appellant did not attend and, thus, did not present any evidence in his defense at the full hearing.
 {¶ 16} To the extent that appellant contends that the trial court erred or violated his due process rights in not conveying him from his place of incarceration for the hearing, we note that an individual does not have an absolute right to be present in a civil case to which he is a party. In re Sprague (1996), 113 Ohio App.3d 274, 276; Mancino v.Lakewood (1987), 36 Ohio App.3d 219, 221. Specifically, with regard to appellant's limited availability due to his incarceration: *Page 5 
 {¶ 17} "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those limited is the otherwise unqualified right given * * * to parties in all courts of the United States to `plead and manage their own causes personally.'"Price v. Johnston (1948), 334 U.S. 266, 285, overruled on other grounds by McCleskey v. Zant (1991), 499 U.S. 467; Parker v. Jamison, 4th Dist. No. 02CA002857, 2003-Ohio-7295, ¶ 20.
 {¶ 18} We further find the case of Parker to be instructive on this issue. In Parker, although he admitted to receiving notice of the hearing, the father-appellant claimed that the trial court's failure to make the necessary arrangements to have him transported from jail to attend a final CPO hearing deprived him of his opportunity to be heard. The court found no error by the trial court in failing to transport the incarcerated father for a final CPO hearing since the father failed to file either a motion to transport or a motion for continuance pending his release from jail. Id., ¶ 21. Likewise, in the present case, the record reflects, and appellant admits, that the trial court served him with a copy of the ex parte protection order and notice of the full hearing date. Appellant failed to file either a motion to transport or a motion for continuance pending his release from *Page 6 
incarceration. The trial court had no duty to sua sponte order appellant's transport from the Montgomery County facility to secure his attendance at the final CPO hearing. Id. ¶ 21.
 {¶ 19} Further, regarding appellant's right to have an attorney represent him at the full hearing, the summons that was served on appellant stated that he had the right to legal counsel and gave him the phone numbers for Legal Service of N.W. Ohio and the Toledo Bar Association Lawyer Referral Service. The trial court did not err in proceeding with the full hearing in appellant's or his legal representative's absence. Appellant's first, third, sixth, and eighth assignments of error are not well-taken.
 {¶ 20} Appellant's second and seventh assignments of error essentially challenge the trial court's judgment based upon an alleged lack of "competent" evidence. The statutory requirement in determining whether to issue a civil protection order pursuant to R.C. 3113.31 is:
 {¶ 21} "* * * the occurrence of one or more of the following acts against a family or household member:
 {¶ 22} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 23} "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *" R.C. 3113.31(A)(1)
 {¶ 24} The petitioner seeking the civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. The decision whether to *Page 7 
grant a civil protection order lies within the sound discretion of the trial court, Deacon v. Landers (1990), 68 Ohio App.3d 26, and an appellate court should not reverse the judgment of the trial court absent an abuse of that discretion. Walton v. Walton, 6th Dist. No. WD-04-019, 2004-Ohio-7151, ¶ 13 citing, Parrish v. Parrish,2002-Ohio-1623, 95 Ohio St.3d 1201 (Lundberg Stratton, J., dissenting). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 25} In the present case, we note that no transcript of the final CPO hearing was filed. Appellant, as the party challenging the trial court's decision, has the duty to file the transcript to ensure that an appellate court can properly evaluate the lower court's decision.Chambers v. Chambers, 12th Dist. No., 2002-Ohio-869 citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant has further failed to prepare an App.R. 9(C) statement of the evidence, settled and approved by the trial court.
 {¶ 26} We note that following the full hearing at which appellee was present with her attorney, the trial court made the following findings of fact in its order:
 {¶ 27} "There has been a history of domestic violence wherein he has pushed her causing her to have to seek medical assistance. He has beaten her, pulled clumps of hair from her head, and has caused serious bruising. The Petitioner has repeatedly filed police reports.
 {¶ 28} "The Respondent has repeatedly threatened to kill the Petitioner. He is currently incarcerated. He has sent letters to Petitioner threatening her. * * * *Page 8 
 {¶ 29} "The Petitioner fears for her safety. She fears that the Respondent has had his friends spy on her activities."
 {¶ 30} Without a transcript to review, we must presume the validity and regularity of the proceedings below with respect to the trial court's determination. Knapp. Further, because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. Walton, ¶ 15 citing State v. Lawson (Aug. 27, 1997), 2nd Dist. No. 16288. Appellant's second and seventh assignments of error are not well-taken.
 {¶ 31} Appellant's fourth, fifth, and ninth assignments of error claim error in the trial court's order relative to the parties' three minor children. The children are listed as persons protected by the CPO. The order suspended appellant's visitation rights for the duration of the order which is two years from the date it was issued.
 {¶ 32} To the extent that appellant is claiming that the trial court exceeded its jurisdiction by temporarily allocating parental rights and responsibilities in the CPO, we disagree. Pursuant to R.C.3113.31(E)(1)(d), a trial court issuing a CPO may temporarily allocate parental rights and responsibilities for the minor children if no other court has previously or is concurrently doing so. Parker, ¶ 24. When the court issuing the CPO is the same court that previously allocated the parental rights and responsibilities of the parties, the trial court has jurisdiction under R.C. 3113.31(E)(1)(d) to allocate parental rights and responsibilities in the context of the CPO proceeding. Id. citingCouch v. *Page 9 Harrison (Feb. 12, 2001), 12th Dist. No. CA2000-08-063, 2001-Ohio-4199. In the present case, the trial court was the court that previously would have allocated parental rights and responsibilities under the pending divorce case. Therefore, the trail court had subject matter jurisdiction to temporarily allocate the parties' parental rights and responsibilities, including suspending appellant's visitation rights. See Parker.
 {¶ 33} With regard to the two-year duration of the suspension of appellant's visitation rights, according to R.C. 3113.31(E)(3)(a), the trial court could have issued a CPO and related orders for a duration of up to five years. Further, the CPO can be revisited prior to the two-year date upon renewed action in the pending divorce case (R.C. R.C.3113.31(E)(3)(b)) or upon motion of either party (R.C. 3113.31(E)(8)). The trial court did not abuse its discretion in issuing a temporary order suspending appellant's visitation rights for two years. Appellant's fourth, fifth, and ninth assignments of error are not well-taken.
 {¶ 34} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J. JUDGE
William J. Skow, J. JUDGE
Thomas J. Osowik, J. JUDGE
 CONCUR. *Page 1