OPINION *Page 2 
{¶ 1} Petitioner-appellant Toni Delmatto appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, which sustained the motion of Respondent-appellee Yahya Hamed to modify its previously entered civil protection order by removing the parties' minor child as a protected person. Appellant assigns five errors to the trial court:
 {¶ 2} "I. THE LOWER COURT WAS WITHOUT JURISDICTION TO MODIFY THE JANUARY 7, 2008, ORDER OF PROTECTION DUE TO THE FACT THAT PETITIONER WAS NOT SERVED RESPONDENT'S MOTION TO MODIFY, IN ACCORDANCE WITH THE OHIO RULES OF CIVIL PROCEDURE AND THE MODIFICATION IS VOID AB INITIO.
 {¶ 3} "II. THE LOWER COURT GRANTED THE MOTION TO MODIFY UPON INSUFFICIENT EVIDENCE IN THE ABSENCE OF AN ORDER OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS THAT WAS SIGNED BY A JUDGE.
 {¶ 4} "III. A DOMESTIC VIOLENCE COURT COMMITS AN ERROR OF LAW WHEN IT MODIFIES AN ORDER OF PROTECTION BASED UPON THE TEMPORARY ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES IN A DIVORCE ACTION.
 {¶ 5} "IV.THE APPELLANT AND THE MINOR CHILD HAVE BEEN DENIED THE EQUAL PROTECTION OF R.C. 3113.31 BECAUSE THEY FILED THEIR ACTION FIRST, PRIOR TO THE TEMPORARY ORDERS UNDER CIVIL RULE 75 (N) WHEN SIMILARLY SITUATED PERSONS WHO FILE THEIR ACTION AFTER THE RULE 75 (N) ORDERS ARE PROVIDED THE PROTECTIONS OF R.C.3113.31. *Page 3 
 {¶ 6} "V. THE USE OF CIVIL RULE 75 (N) TO OVERRIDE THE STATUTORY PROTECTIONS UNDER REVISED CODE SECTION 3113.31 VIOLATES SECTION 5, ARTICLE IV OF THE OHIO CONSTITUTION."
 {¶ 7} The record indicates on October 9, 2007, the Fairfield County Domestic Relations Court entered an ex parte Civil Protection Order which, among other things, ordered appellee to stay away from appellant and their minor child, and granted appellant sole custody with no visitation rights for appellee.
 {¶ 8} On November 15, 2007, appellee filed for divorce in Franklin County Court of Common Pleas, Domestic Relations Division.
 {¶ 9} On January 7, 2008, the court in Fairfield County conducted a full hearing on the civil protection order and issued a temporary order again prohibiting appellee from having any contact with appellant or the child.
 {¶ 10} On March 20, 2008, the court in Franklin County issued temporary orders in the divorce action, which, among other things, awarded appellant sole custody of the child, and granted appellee supervised visitation rights. The following day, appellee filed his motion in the Fairfield County Court to modify the civil protection order.
 I. {¶ 11} In her first assignment of error, appellant argues the Fairfield County Domestic Relations Court was without jurisdiction to modify its previous protection order because appellee did not properly serve her with the motion to modify.
 {¶ 12} The parties agree R.C. 3113.31 (E) permits a court to modify its previous civil protection order, and notice of the motion to modify must be made in accord with the Rules of Civil Procedure. However, the parties disagree as to which Rule applies: *Page 4 
appellant argues service must be made pursuant to Civ. Rules 4.1 and 75, while appellee maintains service should be made pursuant to Civ. R. 5.
 {¶ 13} Civ. 75(A) states the Rule is applicable to divorce, annulment, legal separation, and related proceedings. Civ. R. 75 (G) states a claim for a civil protection order is a separate claim from a claim for divorce, dissolution of marriage, annulment, or legal separation. Thus, we agree with appellee Civ. R. 75 is inapplicable to actions brought under R.C.3113.31.
 {¶ 14} Civ. R. 5 states service of all motions on the opposing party shall be made on the parties' attorney, if the party is represented by counsel. Here, appellee served appellant's counsel with the motion to modify. We find this satisfies the service requirement.
 {¶ 15} The first assignment of error is overruled.
 II. III. {¶ 16} In her second assignment of error, appellant argues appellee tendered a copy of a temporary order from the Franklin County Court of Common Pleas, signed by a magistrate. She asserts appellee did not meet his burden of proof because the order must be approved and signed by a judge. Appellant's third assignment of error argues the Fairfield County Domestic Relations Court should not have removed the child as a protected person based upon a temporary order.
 {¶ 17} R.C. 3113.31 (E)(3)(B) provides any order issued under R.C. 3113.31 (E)(1)(d) terminates on the date a court in an action for divorce, dissolution of marriage, or legal separation brought by either party issues an order allocating parental rights and responsibilities to the care of the children. In fact, R.C. 3113.31 (E)(1)(d) provides a *Page 5 
court may "* * * [t]emporarily allocate parental rights and responsibilities for the care of, or establish temporary parenting time rights with regard to, minor children, if no other court has determined, or is determining, the allocation of parental rights and responsibilities for the minor children or parenting time rights * * *" It is not clear form the record when the court in Fairfield County was made aware the divorce action had been filed. Arguably, because appellee filed his divorce petition in Franklin County prior to Fairfield County's hearing on the civil protection order, Fairfield County should have refrained from issuing the order because Franklin County had taken jurisdiction over the marriage and all related issues, including parental rights and visitation.
 {¶ 18} Even if we were to agree with appellant the magistrate's order is not sufficient to establish there was an actual order from Franklin County, it is at the very least proof the court was in the process of making a determination, which is all the statute requires. This reasoning also applies to the argument a temporary order is insufficient.
 {¶ 19} The second and third assignments of error are overruled.
 IV. {¶ 20} In her fourth assignment of error, appellant argues she and the minor child have been denied equal protection of R.C. 3113.31 because she filed her action in Fairfield County prior to temporary orders issued by the Franklin County Domestic Relations Court pursuant to Civ. R. 75 (N), while similarly situated persons who file their actions after the Civ. R. 75 (N) orders are provided with the protections with R.C. 3113.31. *Page 6 
 {¶ 21} The trial court correctly found the equal protection argument fails because the parties have had a full opportunity to argue the issue of visitation in Franklin County, which has jurisdiction over the parties and the child. The court found Franklin County is fully capable of issuing appropriate orders and providing for the protection of the child. Appellant argues appellee "upended" the protection order when he received parenting time with the minor child, but the court in Franklin County ordered only supervised visitation, and we have no jurisdiction over its orders.
 {¶ 22} Appellant's argument ignores the fact that a court's allocation of parental rights and responsibilities in the context of a civil protection order are always temporary, and the statute expressly contemplates orders in a divorce, dissolution, legal separation, or juvenile court proceeding should supersede a civil protection order as it applies to the minor children. See Yazdani-lsfehani v.Yazdani-lsfehani, 170 Ohio App. 3d 1, 2006-Ohio-7105, 865 N.E. 2d 924, at paragraph 23. Under the scenario proposed by appellant, if Franklin County had issued the temporary orders pursuant to Civ. R. 75 (N), before appellant had requested a civil protection order, the court in Franklin County would be the proper forum. Thus, under any scenario, pursuant to statute, after a divorce action has commenced, any orders regarding custody and visitation with a minor child must be made by the divorce court.
 {¶ 23} Appellant cites us to Waters v. Lattany, 6th Dist. App. No. L-06-1157, 2007-Ohio-1047, in support of her argument, but theWaters court specifically stated a trial court issuing a civil protection order may temporally allocate parental rights and responsibilities for minor children if no other court has previously or concurrently done so. Waters at paragraph 32, citation deleted.Waters does not support appellant's *Page 7 
argument. We find appellant and her minor child have not been denied equal protection of R.C. 3113.31.
 {¶ 24} Accordingly, the fourth assignment of error is overruled.
 V. {¶ 25} In her fifth assignment of error, appellant argues the use of Civ. R. 75 (N) to "override" R.C. 3113.31 violates Section V, Article IV
of the Ohio Constitution. She urges the Ohio Constitution provides if there is a conflict between the Civil Rules and statutory law, the Rules control on matters of procedure, while the statute controls on matters of substantive law.
 {¶ 26} As appellee points out, R.C. 3113.31 was the basis for the original civil protection order and the subsequent modification. The statute provides the order terminates when, in an action for divorce, the divorce court issues an order allocating parental rights and responsibilities. While Civ. R. 75 (N) is the source of the temporary orders issued by the Domestic Relations Court of Franklin County, the order of the court in Fairfield County was made pursuant to statute.
 {¶ 27} The fifth assignment of error is overruled. *Page 8 
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Delaney, J., concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Costs to appellant. *Page 1