[Cite as *Barrow v. Brown*, 2017-Ohio-7926.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| ASHLEY N. BARROW | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 16-DV-138 |
| | : | |
| SEAN L. BROWN | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of September, 2017.

. . . . . . . . . .

ASHLEY N. BARROW, 226 E. Main Street, Apt. E, Fairborn, Ohio 45324
       Plaintiff-Appellee, Pro Se

SEAN L. BROWN, c/o Greene County Jail, 77 E. Market Street, Xenia, Ohio 45385
       Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Sean L. Brown appeals pro se from the trial court's issuance of a domestic-violence civil protection order restraining him from committing acts of abuse or threats against appellee Ashley N. Barrow.

{¶ 2} The record reflects that Barrow petitioned for a domestic-violence civil protection order (CPO) on September 1, 2016. She alleged that Brown, her husband, had hit her on multiple occasions and had threatened to kill her. She claimed she was very fearful for herself and her children. The trial court issued an ex parte CPO that same day. After several delays in holding a hearing on Barrow's petition, she filed a motion on January 18, 2017, seeking to terminate the ex parte order. The motion stated that she did not want a protection order and did not need protection. Thereafter, on February 7, 2017 the trial court held a full hearing on the petition and Barrow's termination request.

{¶ 3} On February 14, 2017, the trial court issued a domestic-violence CPO after the full hearing. The order states that Barrow appeared for the hearing but that Brown did not appear or participate despite receiving notice and an opportunity to be heard. The order includes a factual finding that "the Respondent has caused and threatened to cause physical harm to the Petitioner." The order grants Barrow exclusive possession of the parties' residence and prohibits Brown from engaging in various acts. Brown timely appealed from the CPO. Although his appellate brief lacks true assignments of error, he raises several arguments, which we will attempt to address.

{¶ 4} In his first and third arguments, Brown asserts that the ex parte CPO should have expired, by its own terms, prior to the full hearing on Barrow's petition. Even if this is true, however, the trial court retained jurisdiction to proceed with the hearing on

Barrow's petition and to issue the final order that it did. *McDaniel v. McDaniel,* 12th Dist. Warren No. CA2002-06-054, 2002-Ohio-6111, ¶ 20 ("[T]he expiration of an ex parte order does not affect the trial court's jurisdiction to grant a CPO after a full hearing is held.").

{¶ 5} In his second, fourth, fifth, sixth, and seventh arguments, Brown contends the trial court erred in entering a CPO after a full hearing despite Barrow's previously stated desire to terminate it. He argues that there is no history of domestic violence between the parties and that neither party now wants a protection order. That being so, he claims the trial court erred in issuing a protection order.

{¶ 6} Upon review, we find Brown's argument to be unpersuasive. Although Barrow did move to terminate the ex parte CPO before the full hearing, we have no way of knowing what transpired at the hearing. Because Brown has not filed a transcript of the full hearing in connection with this appeal, we do not know what Barrow said at the hearing concerning her desire for a CPO. For all we know, she may have changed her mind again and decided that she did want the trial court to issue a protection order. In any event, the trial court's factual findings after the hearing include that "the Respondent has caused and threatened to cause physical harm to the Petitioner." In light of that finding, and absent any evidence to the contrary, we must presume regularity and conclude that the trial court did not err in entering a CPO after a full hearing.

{¶ 7} In his eighth argument, Brown contends the trial court ignored his request to be transported from jail to participate in the full hearing. Nothing in the trial court's record reflects, however, that Brown made any effort or request to be transported from jail to attend the hearing. The record contains no motion to transport or motion for a continuance. *See Waters v. Lattany*, 6th Dist. Lucas No. L-06-1157, 2007-Ohio-1047, ¶

15-18 (finding no error in proceeding with a CPO hearing in the absence of the respondent, who was incarcerated, where he never filed a motion to be transported or requested a continuance); *Parker v. Jamison*, 4th Dist. Scioto No. 02CA002857, 2003-Ohio-7295, ¶ 21 ("We find that the trial court gave Father sufficient notice of the final hearing to satisfy the requirements of due process and obtain personal jurisdiction over Father. * * * Additionally, we find that Father failed to file either a motion to transport, or a motion for continuance pending his release from jail, either of which could have enabled his attendance at the final CPO hearing."). We note too that Brown, an incarcerated person, had no absolute right to be present for a civil case in which he was a party. *Waters* at ¶ 16-17.

{¶ 8} In his ninth argument, Brown asserts that the domestic-violence CPO is against the weight of the evidence. We cannot evaluate the evidence presented at the full hearing, however, because Brown has not filed a transcript. Based on the record before us, the domestic-violence CPO is supported by the trial court's factual finding that "the Respondent has caused and threatened to cause physical harm to the Petitioner."

{¶ 9} Finally, Brown insists he made "reasonable efforts" to obtain a hearing transcript but "for reasons unknown to the appellant, the transcript wasn't provided to the appellant or the appellate court in this matter." We do not know what efforts Brown made to obtain a transcript. We also do not know why he was unable to obtain and file one. We do know, however, that it is an appellant's responsibility to obtain and file a transcript. *Corliss v. Corliss*, 2d Dist. Montgomery No. 25098, 2012-Ohio-3715, ¶ 8. We also know that absent a transcript we must presume regularity in the full hearing on Barrow's petition for a domestic-violence CPO.

{¶ 10} For the foregoing reasons, we reject Brown's arguments and affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Ashley N. Barrow
Sean L. Brown
Hon. Steven L. Hurley