[Cite as *J.S. v. D.L.*, 2018-Ohio-4775.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106509**

---

**J.S.**

PLAINTIFF-APPELLEE

vs.

**D.L.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. DV-17-367610

**BEFORE:** E.A. Gallagher, A.J., E.T. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 29, 2018

**APPELLANT**

D. L., pro se
1533 Woodrow Avenue
Mayfield Heights, Ohio 44124


**ATTORNEYS FOR APPELLEE**

Brittany A. Baron
343 W. Bagley Road
Suite 211
Berea, Ohio 44017

Adam J. Thurman
Schoonover Rosenthal Thurman, L.L.C.
1001 Lakeside Avenue
Suite 1720
Cleveland, Ohio 44114


EILEEN A. GALLAGHER, A.J.:

{¶1} Appellant D.L. appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, granting J.S.'s petition for a domestic violence civil protection order. For the following reasons, we affirm.

**Facts and Procedural History**

{¶2} On June 21, 2017 J.S. filed for a domestic violence civil protection order ("CPO") under R.C. 3113.31 against appellant and on behalf of herself and her two minor children. The domestic relations court issued an ex parte CPO on the same date and set the matter for a full hearing on July 6, 2017. The record reflects that appellant was served with notice of the order and the hearing on June 24, 2017.

**{¶3}** Appellant did not appear at the full CPO hearing on July 6, 2017 which was conducted by a magistrate. On July 13, 2017 the trial court issued a CPO in favor of J.S. and her two minor children. On July 24, 2017 appellant filed objections to the trial court's adoption of the CPO pursuant to Civ.R. 65.1(F)(3)(d). Appellant conceded he was served with notice of the CPO hearing on Friday, June 23, 2017 but argued that he was unable to attend the hearing or seek a continuance because, on Tuesday, June 27, 2017, he was found to be in contempt of court and was remanded to the Cuyahoga County Jail for a period of ten days. Appellant further asserted that J.S. had falsified the allegations in support of the CPO against him.

**{¶4}** On October 20, 2017 the trial court issued a judgment entry overruling appellant's objections. The court took judicial notice of its own docket evidencing the fact that appellant was sentenced to ten days in jail on June 21, 2017 for a contempt of court charge in which he had neither purged the contempt nor appeared for the alternative community service sentence. The court noted that the full hearing on the CPO took place while appellant was in jail but found that appellant did not have a constitutional right to be present at the hearing. The court further noted that appellant failed to file a motion for a continuance of the hearing. Finally, the court noted that its review of appellant's challenge to factual determinations made by the magistrate at the hearing was precluded by appellant's failure to provide the court with a transcript of the proceedings as required by Civ.R. 65.1(F)(3)(d)(iv).

**Law and Analysis**

**I. Appellant's Presence at the Full CPO Hearing**

**{¶5}** In his first and second assignments of error, appellant argues that the trial court erred in conducting the full CPO hearing without his presence and that he was not provided adequate

time to seek a continuance of the hearing or retain counsel. We address these assignments of error together.

{¶6} Appellant's argument that he had a constitutional right to attend the full CPO hearing is without merit. This court has previously rejected the argument that a trial court violates a respondent's due process rights by conducting a full hearing on a R.C. 3113.31 CPO outside the presence of the respondent. *Abriani v. Abriani*, 8th Dist. Cuyahoga Nos. 88597 and 88599, 2007-Ohio-3534. The CPO hearing was a civil proceeding and appellant, who was incarcerated at the time, did not have an absolute right to be present. *See*, *e.g., Leflore v. Leflore*, 5th Dist. Richland No. 14CA38, 2014-Ohio-5327 (finding no due process right for a CPO respondent to be present even when he was initially served with the notice of an ex parte CPO order while in jail); *Parker v. Jamison*, 4th Dist. Scioto No. 02CA0028, 2003-Ohio-7295, ¶ 21 (finding no duty on the part of the trial court to order an incarcerated respondent to be transported from jail in order to facilitate his appearance at a final CPO hearing); *Barrow v. Brown*, 2d Dist. Greene No. 2017-CA-16, 2017-Ohio-7926, ¶ 7 (finding no error where the trial court failed to transport a respondent from jail for the purpose of attending a full CPO hearing); *Waters v. Lattany*, 6th Dist. Lucas No. L-06-1157, 2007-Ohio-1047, ¶ 15-18 (finding no error in proceeding with a CPO hearing in the absence of the respondent, who was incarcerated, where he never filed a motion to be transported or requested a continuance).

{¶7} Similarly, we find no merit to appellant's argument that he was not provided adequate time to seek a continuance of the hearing or retain counsel. Appellant concedes that he was served on Friday, June 23, 2017. At no point did appellant seek a continuance of the CPO hearing pursuant to R.C. 3113.31(D)(2)(a)(iii) or (iv). There is no explanation in the record as to why appellant failed to file such a motion prior to being sentenced to jail for

contempt on Tuesday, June 27, 2017 or why he did not raise the matter to the domestic relations court at that time. In *Leflore*, the appellant was personally served with a copy of the petition for the CPO while in jail. *Leflore* at ¶ 2. The *Leflore* court found that the respondent had an adequate opportunity to seek a continuance of the CPO hearing while in jail. Here, appellant had opportunities to seek a continuance before he was remanded to jail. We find no error on the part of the trial court in proceeding with the full hearing.

{¶8} Appellant's first and second assignments of error are overruled.

## II. Challenges to the Testimony in Support of the CPO

{¶9} In his third assignment of error, appellant argues that the trial court erred in finding J.S.'s testimony in support of the CPO to be credible. Pursuant to Civ.R. 65.1(F)(3)(d)(iv), appellant was required to furnish the trial court with a transcript of the evidence submitted to the magistrate for review of appellant's objections. The record reflects that appellant failed to comply with the rule and the trial court noted in its judgment entry that it was, therefore, constrained to accept the magistrate's findings of fact and limit its review to the magistrate's legal conclusions.

{¶10} Case law pertaining to the duty to provide a transcript pursuant to Civ.R. 65.1(F)(3)(d)(iv) is sparse. However, in applying the analogous transcript requirement found in Civ.R. 53(D)(3)(b)(iii), this court has held that if the transcript is later submitted with the record on appeal, it may not be considered because the appellate court's review is limited to the evidence before the trial court. *In re A.K.*, 8th Dist. Cuyahoga No. 105426, 2017-Ohio-9165, ¶ 17, citing *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11. We see no reason why the rule would not apply with equal force to an appellant's analogous duty under Civ.R. 65.1(F)(3)(d)(iv) to provide the trial court with the

transcript of the proceedings in support of his objections in an R.C. 3113.31 CPO action. An appellant is prohibited from challenging the factual findings of the magistrate unless he files a transcript of the magistrate's hearing with the trial court with his objections. *Slepsky v. Slepsky*, 11th Dist. Lake No. 2016-L-032, 2016-Ohio-8429, ¶ 20 (applying the analogous transcript requirement found in Civ.R. 53(D)(3)(b)(iii) to bar appellate review of a magistrate's factual findings in support of a R.C. 3113.31 CPO without discussing Civ.R. 65.1).

{¶11} As appellant's arguments are limited to challenging the credibility of J.S.'s testimony at the CPO hearing we find them to be barred due to his failure to comply with Civ.R. 65.1(F)(3)(d)(iv).

{¶12} Appellant's third assignment of error is overruled.

{¶13} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR