APGAR, APPELLEE, *v.* APGAR, APPELLANT.

(No. 48911—Decided December 24, 1984.)

*N. Lindsey Smith,* for appellee.

*Sherry Newman Spenzer,* for appellant.

PRYATEL, P.J. Defendant-appellant, Kimberly K. Apgar, appeals from the judgment entry granting a divorce to her and to plaintiff-appellee, David A. Apgar, and awarding custody of their child to David.

The parties were married on June 4, 1974 and one child, Justin, was born as issue of the marriage on October 9, 1980. David filed for divorce on November 16, 1981. The marital relationship had been fraught with arguments and violent episodes for years. Each party has inflicted physical harm on the other, and both parties have admitted to engaging in extramarital affairs.

David was still an undergraduate when the parties married. The couple was supported by David's father and by Kimberly until 1979 when David graduated from medical school. The trial court found that David's father provided the primary financial support for the couple.

Both parties requested custody of Justin. Each parent called a mental health expert to testify, and each expert witness recommended that custody be awarded to the parent for whom the expert was testifying.

Each of the parties testified extensively on all issues before Referee John K. Purcell, who after presiding over several hearing days, died unexpectedly. The case was transferred to referee Lanette Flower, who read the transcript of the earlier proceedings and then presided over the remaining hearings. The parties stipulated and agreed to the substitution of Referee Flower to complete the trial. Referee Flower had the opportunity to observe the testimony of both parties, who testified extensively before both referees.

After a thorough summarization of the testimony, Referee Flower found David to be more credible than Kimberly and awarded custody of Justin to David. The referee noted Kimberly's lack of impulse control and fiscal responsibility, as well as her poor judgment. Kimberly was granted visitation rights for every weekend, and alternating holidays, as well as four weeks' vacation. Each party was ordered to pay for support of the child whenever he was in that party's custody.

Kimberly was awarded $1,000 per month as alimony for two years or until one month following her graduation from college, whichever first occurs. David was ordered to pay her tuition costs for undergraduate school. Each party was awarded one of the two cars owned by the family. The referee also made recommendations for the division of the remaining property and debts.

Both parties filed objections to the referee's report which were overruled. Referee Flower certified that she had read the transcript of those hearings that were held before Referee Purcell. The referee's recommendations were adopted by the trial court in its journal entry.

Appellant has raised two assignments of error for our review.

"I. The trial court erred when it adopted the recommendations of a successor referee who heard only a part of the proceedings and made recommendations as to all issues litigated."

Referee Purcell heard the testimony of nine different witnesses, two of whom were David and Kimberly. Referee Flower then heard the testimony of six new witnesses, as well as further testimony by both parties. Appellant Kimberly now objects to the fact that Referee Flower read, but did not hear, the testimony of approximately half the witnesses. However, at trial both parties agreed to this procedure. Although Civ. R. 63 allows a substitute judge to take over the case during trial, if the case is being tried to a jury but not if the case is being tried to the court, that rule is not applicable to hearings held by referees. In such a case, the judge views the transcript and referee's findings and makes a decision without observing the witnesses. Here, the judge had transcripts from all proceedings, before both referees, as well as Referee Flower's thorough summary of the testimony at both hearings.

Furthermore, appellant agreed at trial to the substitution of the referee in the middle of trial. The successor referee had the opportunity to observe the testimony of the two main witnesses (the parties) and to determine their credibility. Appellant admitted many of the incidents upon which the referee based her decision to award custody to appellee and, thus, credibility was not a crucial issue.

Finally, this court has reviewed the record as well as the referee's report and finds that the referee's recommendations were fair and just, based on the evidence. Appellant's first assignment of error is overruled.

"II. The trial court erred when it adopted the successor referee's report and recommendations, which failed to

apply relevant factors set forth in O.R.C. 3109.04 in determining the best interests of the minor child whose custody was at issue.

"A. The trial court erred when it adopted the successor referee's report and recommendation which failed to consider application of O.R.C. 3109.04 (C)(3) and (4) in determining the issue of custody.

"B. The trial court erred when it adopted the successor referee's recommendation which failed to properly consider and apply O.R.C. 3109.04(C)(1) in determining the issue of custody."

The referee extensively summarized her findings and did properly weigh all of the relevant factors as required by R.C. 3109.04(C).[1] The referee cited numerous examples of conduct by both parents, indicating the interaction of Justin with each parent, and revealing his adjustment to his home and community. The referee noted that both of the parents desired custody and that "there is no question about each parent's love for Justin." Thus, we find that the referee properly weighed all relevant factors as required by R.C. 3109.04(C), and that the record supports the decision to award custody to appellee.

---

[1] R.C. 3109.04(C) provides as follows:

"In determining the best interest of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and inter-relationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, P.J., and STILLMAN, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.