## Woods v. Woods
*[Cite as 8 AOA 205]*

Case No. 88 CA 18
Gallia County, (4th)
Decided November 15, 1990

Barbara A. Wallen, P.O. Box 207, Gallipolis, Ohio 45631, for Appellant.

Brent A. Saunders, 19 Locust Street, Gallipolis, Ohio 45631, for Appellee.

GREY, J.

This is an appeal from the Gallia County Common Pleas Court, which granted the parties a divorce. Appellant appeals the decision of the trial court on two grounds, one procedural and one substantive. We shall consider the procedural issue first, which is set forth in assignment of error two.

### ASSIGNMENT OF ERROR II

"The trial court committed substantial error prejudicial to the appellant and denied appellant a fair hearing of his cause by ruling of evidence not heard by the court in open court but rather in a taped recording of a prior hearing at which the court was not present."

This case was assigned to a referee who conducted a hearing on the matter. However,

before she issued a decision or a written report in the case, the referee resigned. The trial court listened to the audio tapes of the hearing and issued its decision and judgment.

Civ. R. 75(C) provides that in a divorce action all issues may be heard by either the court or a referee. Civ. R. 53 sets forth the procedures to be followed if the hearing is before a referee. These procedures are designed to safeguard the rights of all litigants. See, *Pinkerson v. Pinkerson* (1982), 7 Ohio App. 3d 319. Civ. R. 75(C) provides that the issues may be heard by the court. Evidence that a court may hear "includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established." *John Bright Shoe Co. v. Scully* (1924), 24 Ohio App. 15.

Apparently what happened here is that the trial court realized that without the referee's report, it could not enter judgment. Appellee suggests that the court asked the parties if the case could be submitted to the court by having the court hear tapes of the evidence presented to the referee. This would have been acceptable if the parties had agreed, but there is nothing in the record showing such an agreement. This court required a reversal under similar circumstances in *Tufts v. Tennant* (Oct. 31, 1989), Scioto App. No. 1761, unreported.

In *Tufts, supra,* the issue dealt with the death of a judge, not a referee, who had heard the evidence, but the status of each as the trier of fact is identical. In *Tufts*, we held,

"The issue at hand was specifically addressed in *Welsh v. Brown-Graves Lumber Co.* (1978), 58 Ohio App. 2d 49. The court, in applying Civ. R. 63(B) to a similar fact pattern, stated the following, at p. 51:

"'The clear implication of part (B), is, that when the trial judge acts in the capacity of the trier-of-fact, a successor judge cannot take over the case if the predecessor judge has not filed findings of fact and conclusions of law. This prohibition is clearest in a case such as this, where the predecessor judge has not rendered a judgment. See Civ. R. 52.

"'In this situation, the successor judge is in the position of rendering a judgment without having observed the witnesses, and such is in violation of his judicial duties.'"

We note that in *Apgar v. Apgar* (1984), 21 Ohio App. 3d 193 a case involving a substitution of a referee, the decision of the trial court was affirmed because the substitution was approved as a matter of record and because the new referee had the opportunity to view and assess the credibility of the parties themselves. *Apgar* is clearly distinguishable from the facts in this case.

Based on the foregoing, assignment of error two is well taken and is sustained.

ASSIGNMENT OF ERROR I:

"The trial court committed substantial error prejudicial to the appellant which amounted to an abuse of discretion in making an inequitable division of property."

We turn now to assignment of error one, which deals with the merits of the decision reached by the trial court. Appellant argues that the court's decision is not in accord with the decision and standards set down in *Cherry v. Cherry* (1981), 66 Ohio St. 2d 348.

While there is little evidence in the record about the actual valuation of any of the marital property, it appears that the parties had assets of about $25,000 to $30,000, and liabilities of around $10,000 to $12,000, for an approximate net worth of $15,000 to $18,000.

While a division of property need not be equal, it must be equitable *Cherry v. Cherry* (1981), 66 Ohio St. 2d 348. In this case, an equal division would result in each party getting an amount around $7,500 to $9,000. The court ordered was that appellee should get all of the assets, and that appellant should get all of the debts. Thus, the division, if it can be called that, resulted in appellee getting $25,000 in assets and appellant getting $10,000 in liabilities, for a net disparity of at least $35,000. This may be an abuse of discretion, but our decision in assignment of error two mandates the result in this assignment of terror.

If the trial court used a procedure in reaching its judgment which does not comport with regular process, then the judgment rests on that procedure, and if this court orders the case to be remanded to the trial court, then the issue of whether the court abused its discretion is moot. To that extent, assignment of error one is overruled.

The judgment is reversed and this case is remanded to the it trial court for further proceedings.

ABELE, P.J., concurs in judgment only.
HARSHA, J., concurs in judgment and opinion.