**PLACE, Appellant and Cross–Appellee,**

v.

**SEIBERT, Appellee and Cross–Appellant.**

[Cite as *Place v. Seibert,* 173 Ohio App.3d 653, 2007-Ohio-4364.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–06–45.

Decided Aug. 27, 2007.

Alison Boggs and William S. Friedman, for appellant and cross-appellee.

Jeffrey A. Merklin, for appellee and cross-appellant.

PRESTON, Judge.

{¶ 1} Appellant, Andrew Place, appeals the judgment of the Union County Court of Common Pleas. Appellee and cross-appellant, Krista Seibert, f.k.a.

Place, also appeals the trial court's judgment. For the reasons that follow, we reverse.

{¶ 2} Andrew and Krista were divorced on July 29, 2004, and the trial court granted shared parenting of the parties' two children: Alexander (born August 6, 1999) and Benjamin (born September 18, 2001). On February 9, 2006, Krista filed a motion for reallocation of parental rights and responsibilities. Andrew also filed a motion for reallocation of parental rights and responsibilities.

{¶ 3} The magistrate held hearings on May 17, August 9, and August 21, 2006. During the August 21 hearing, the magistrate recused herself from the case because she attended the same church as Krista and was familiar with church officials mentioned during Krista's testimony. The judge then took the bench and conducted the rest of the hearing. The judge issued his decision on August 29, 2006.

{¶ 4} It is from this judgment that Andrew appeals and asserts three assignments of error for our review. Krista also appeals the trial court's judgment and asserts four assignments of error in her cross-appeal. For clarity of analysis, we will address the assignments of error out of the order presented and will combine assignments of error when appropriate.

### Appellant's Assignment of Error No. I

The trial court erred when it insisted that the case move forward after the magistrate recused herself during the middle of the hearing, by substituting the judge, when the judge had not been a part of the previous two hearings. The recusal caused an irregularity in the proceedings and the matter should have been set for a new hearing with a new jurist.

### Appellee/Cross–Appellant's Assignment of Error No. II

The trial court abused its discretion by failing to order a *de novo* rehearing on the merits and by failing to *sua sponte* request a visiting judge to hear the rescheduled case; in the alternative, the trial court abused its discretion by failing to name mother the residential parent of the minor children.

{¶ 5} In his first assignment of error, Andrew argues that an irregularity occurred in the case when the magistrate recused herself during the third hearing and that after the recusal of the magistrate, "the judge should have begun the custody portion of the hearings over on a new day." Further, Andrew argues that the trial judge has to determine the credibility of the witnesses. Andrew also argues that during the hearing, there were instances when the judge did not know about previous testimony, but the judge ruled on objections based on previous rulings.

{¶ 6} Krista also argues that the trial court erred in taking over the case after the magistrate recused herself. Krista argues that listening to a CD of the previous proceedings does not give the trial court the opportunity to assess the credibility of the witnesses. Further, Krista maintains that it was obvious that the trial court was less than pleased about taking over the case. Krista also argues in this assignment of error that she should have been chosen as the residential parent.

{¶ 7} Civil Rule 63 governs the situation in which a *judge* is unable to proceed with a jury trial. However, Civ.R. 63 is not applicable to hearings conducted before magistrates. See *Apgar v. Apgar* (1984), 21 Ohio App.3d 193, 21 OBR 206, 486 N.E.2d 1181 (referring to referees); Civ.R. 63; see, also, *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617.

{¶ 8} In *Apgar*, the Eighth District Court of Appeals affirmed when a referee conducted several days of hearings on a case, but the referee then died, and the case was subsequently referred to a second referee, who completed the case. *Apgar*, 21 Ohio App.3d at 194, 21 OBR 206, 486 N.E.2d 1181. In that case, the second referee read the transcript of the proceedings before presiding over the remainder of the case, the parties agreed to the second referee's finishing the trial, and the second referee had the opportunity to see the testimony of both of the parties. Id. However, the facts in *Apgar* are clearly distinguishable from the facts in the present case.

{¶ 9} In the present case, hearings were held before a magistrate on May 17, August 9, and August 21. At the August 21 hearing, the following occurred:

THE [MAGISTRATE]: Mr. Cohen, let me stop you for just a minute. Your client was referring to Kim Burris who I do know and of course the pastor, Revered Kessler. I'm not comfortable hearing this case. There are just too many connections that she has with the church that I go and people that I do know in the church. So I'm recusing myself. I'm going to have Judge Parrott hear it and that will take me out of the middle of it because there are too many people that I do know that are being brought up and with, you know, with reference to people that she knows, people that she's talked to and people that I do know outside of church. So I'm recusing myself. We're adjourned.

MS. BOGGS: Thank you, your Honor.

THE COURT: Everyone hold on. We'll—

* * *

(THEREUPON, THE RECORD WAS TURNED OFF AT 9:43 A.M. AND THE MAGISTRATE LEFT THE BENCH.)

* * *

(THEREUPON, THE FOLLOWING PROCEEDINGS WERE HELD BE-FORE JUDGE RICHARD E. PARROTT, BOTH COUNSEL, AND THE PARTIES.)

* * *

THE COURT: Before we start, first of all, I'm going to put on the record that number one, the court will, in fact, I understand that it's not only been heard this morning, but also on another occasion. The court will go back then and I will hear the, in fact, I'll go through the record that—the CD disk so I'll know exactly what was said before. Not going to be any guessing or anything like it. Secondly, lady, you answer the questions put to you by your attorney. Don't be wandering around all over the place.

The judge then conducted the rest of the hearing.

{¶ 10} After the magistrate recused herself, the judge, who it appears had been listening to the proceedings, immediately took over the case and continued with the hearing. The judge indicated that he would listen to the CD of the previous hearings conducted by the magistrate and, thus, the transcript indicates that the judge was not familiar with the previous hearings when he took over the case. In addition, the record does not contain any agreement by the parties as to the judge's conducting the remainder of the hearing.[1]

{¶ 11} As a matter of fundamental fairness, we hold that under the facts and circumstances of this case, the judge erred when he took over the case in the middle of the hearing. Consequently, Andrew's first assignment of error and Krista's second assignment of error are sustained.[2]

## Appellant's Assignment of Error No. II

The trial court abused its discretion when it arbitrarily set time limits within which both sides had to present their entire case in a contested matter. The trial court further abused its discretion when it essentially took over management of the case and proceeded to question the parties and conclude the hearing to stay on time

## Appellant's Assignment of Error No. III

The trial court abused its discretion when it split custody of the two boys between the parents one year at a time, instead of naming appellant the residential parent.

---

1. However, the record also does not contain any objections from the parties when the judge took over the hearing after the magistrate recused herself.

2. This court notes that we did not consider Krista's argument, included in her second assignment of error, that she should be chosen as the residential parent, because that argument has been rendered moot by our decision.

Appellee/Cross–Appellant's Assignment of Error No. I

The trial court abused its discretion by continuing a *de facto* shared parenting plan when both parties stipulated that their shared parenting plan should be terminated.

Appellee/Cross–Appellant's Assignment of Error No. III

The trial court abused its discretion by imputing income to mother.

Appellee/Cross–Appellant's Assignment of Error No. IV

The trial court abused its discretion by requiring the parties to pay half of the children's pre-school tuition and college tuition.

{¶ 12} In light of our disposition of Andrew's first assignment of error and Krista's second assignment of error, we find that both Andrew's and Krista's remaining assignments of error are moot.

{¶ 13} Having found errors prejudicial to appellant and cross-appellant in the particulars assigned and argued herein, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed.

WILLAMOWSKI, J., concurs.

ROGERS, P.J., concurs in judgment only.