OPINION *Page 2 
{¶ 1} The respondent-appellant, Martin I. Noveck, appeals the judgment of the Seneca County Common Pleas Court granting a civil stalking protection order in favor of the petitioner-appellee, Nancy Gaietto. On appeal, Noveck essentially contends he was denied due process because he was incarcerated at the time of the full hearing and was therefore unable to be present. Noveck also argues that the CSPO was against the manifest weight of the evidence. For the reasons set forth herein, we reverse the judgment of the trial court.
 {¶ 2} On May 17, 2007, Gaietto filed a petition in the Seneca County Common Pleas Court seeking a civil stalking protection order or a sexually oriented offender protection order to protect herself, her husband, Dennis, and her 26-year old daughter, Milissa, from Noveck. After hearing Gaietto's testimony at an ex parte hearing, the magistrate determined that Noveck had engaged in a pattern of conduct that caused the protected persons to fear physical harm or had caused mental distress. Therefore, the magistrate ordered an ex parte CSPO, which contained a notice that a full hearing had been scheduled for May 30, 2007. The magistrate ordered the ex parte CSPO to be served upon Noveck, who was incarcerated at the Seneca County Jail. *Page 3 
 {¶ 3} Noveck did not file a motion to transport or a motion for continuance pending his release from incarceration. On May 30, 2007, the trial court held the full hearing. Gaietto appeared pro se, and the court, with knowledge of Noveck's incarceration, continued with the hearing. The judge granted the CSPO to Gaietto for a period of five years but noted that if Noveck subsequently requested a hearing, he would probably grant it.
 {¶ 4} On June 13, 2007, Gaietto filed a motion for contempt, alleging that Noveck had violated the CSPO. On June 20, 2007, Noveck filed a Civ.R. 60(B) motion based on his incarceration and inability to obtain counsel at the time of the full hearing. On June 21, 2007, Noveck filed a notice of appeal, and on July 6, 2007, the magistrate held a hearing on both the contempt motion and Noveck's Civ.R. 60(B) motion. At the July 6 hearing, the magistrate found that Noveck had not been served with the contempt motion and recommended dismissal of the motion without prejudice. After a lengthy debate concerning the court's jurisdiction in light of Noveck's appeal, the magistrate took testimony and recommended that the Civ.R. 60(B) motion be denied. However, neither of these motions are before us on appeal, and we will not address them.
 {¶ 5} Noveck appeals the CSPO granted by the trial court for five years and raises two assignments of error for our review. *Page 4 
 First Assignment of Error The trial court erred in holding the full CPO hearing without thepresence of the Appellant.
 Second Assignment of Error The stalking protection order is contrary to the manifest weight ofthe evidence.
 {¶ 6} In support of his first assignment of error, Noveck claims he was not served with a notice of the hearing. Noveck also contends he was not transported from the Seneca County Jail to the courthouse so he could attend the hearing on May 30, 2007. Although Noveck cites case law defining the scope of a full hearing, he has referenced no case law in support of the actual arguments raised. Likewise, Gaietto cites no case law to support her arguments in opposition; however, she contends that a prisoner is not entitled to automatic transportation at public expense for civil hearings. Gaietto also claims that Noveck's argument is impractical as the ultimate result would require counties to automatically arrange and pay for every inmate to attend any civil hearing in which they are a party.
 {¶ 7} R.C. 2903.214 sets forth the procedure for obtaining a CSPO. Insofar as scheduling the full hearing, the statute states:
 If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division *Page 5 unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:
 (i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.
 (ii) The parties consent to the continuance.
 (iii) The continuance is needed to allow a party to obtain counsel.
 (iv) The continuance is needed for other good cause.
R.C. 2903.214(D)(2)(a)(i)-(iv).
 {¶ 8} To the extent that Noveck claims he was not served, the record does not support his contentions. On May 17, 2007, the magistrate filed an ex parte order of protection, which contained a space for setting a full hearing. In that space, the order noted that the full hearing had been scheduled for May 30, 2007 at 1:00 p.m. On May 18, 2007, the Seneca County Sheriff's Office filed a return indicating that Noveck had been served by a deputy sheriff at the Seneca County Jail. Therefore, Noveck's argument is without merit.
 {¶ 9} As to the issue of Noveck's incarceration, there is no evidence on the record that Noveck filed a motion to transport or a motion to continue the May 30 hearing. Incarcerated individuals do "not have an absolute right to be present in a civil case" in which they are parties.Waters v. Lattany, 6th Dist. No. L-06-1157, *Page 6 2007-Ohio-1047, at ¶ 16, citing In re Sprague (1996),113 Ohio App.3d 274, 276, 680 N.E.2d 1041; Mancino v. Lakewood (1987),36 Ohio App.3d 219, 221, 523 N.E.2d 332.
 "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those limited is the otherwise unqualified right given * * * to parties in all courts of the United States to `plead and manage their own causes personally.'"
Id., at ¶ 17, quoting Price v. Johnston (1948), 334 U.S. 266, 285,68 S.Ct. 1049, 92 L.Ed. 1356, overruled on other grounds by McCleskey v.Zant (1991), 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517; Parker v.Jamison, 4th Dist. No. 02CA002857, 2003-Ohio-7295, at ¶ 20. We agree and hold that the trial court had no duty to sua sponte order Noveck's transport to ensure his attendance at the civil hearing held on May 30, 2007. The first assignment of error is overruled.
 {¶ 10} Although the second assignment of error states that the CSPO was granted against the manifest weight of the evidence, Noveck essentially raises a legal argument for our review. Noveck contends that the trial court erred by not taking any additional evidence at the full hearing on May 30, 2007 and by simply relying on Gaietto's petition. Noveck argues that our holding in Place v. Seibert, 3d Dist. No. 14-06-45, 2007-Ohio-4364, "would show that even if the trial court reviewed the testimony from the ex parte hearing that the trial court should not have granted the protection order." *Page 7 
 {¶ 11} In response, Gaietto contends that Place is distinguishable from this case. Gaietto argues that Place was based on a divorce case where the magistrate determined that she had a conflict with the case on the third day of hearing, and the trial judge resumed the proceedings after only a brief recess. Gaietto claims that this case is different in that the magistrate heard testimony at the ex parte hearing, and the trial judge merely conducted the full hearing. Gaietto essentially contends that any prejudice caused to Noveck is harmless because the judge indicated he would grant a hearing if Noveck subsequently requested one, but he failed to do so.
 {¶ 12} We agree with Gaietto that Place is distinguished from the instant matter. The holding in Place was limited to that particular case. Place, at ¶ 11 ("[a]s a matter of fundamental fairness, we hold that under the facts and circumstances of this case, the judge erred when he took over the case in the middle of the hearing.") (emphasis added). As stated above, the trial judge in Place simply stepped into the middle of a three-day hearing without reviewing any previous testimony. In this case, the trial judge was present for a separately scheduled full hearing where new evidence could be presented. Therefore, we find Noveck's reliance on Place to be without merit.
 {¶ 13} Appellate courts review trial courts' decisions to grant protective orders for an abuse of discretion. Kramer v. Kramer, 3d Dist. No. 13-02-03, 2002-Ohio-4383. *Page 8 
An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 14} R.C. 2903.214(E)(3)(d) provides that a trial court may not grant a CSPO unless it holds a full hearing
 at which the respondent presents evidence in support of the request for a protection order and the petitioner is afforded an opportunity to defend against that evidence, the court determines that the petitioner has committed a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order issued pursuant to this section, has committed a sexually oriented offense against the person to be protected by the protection order, or has violated a protection order issued pursuant to section 2903.213 of the Revised Code relative to the person to be protected by the protection order issued pursuant to this section.
The statute clearly requires evidence that the respondent violated R.C.2903.211, and such evidence was not presented in this case.
 {¶ 15} At the "full hearing," the record indicates that Gaietto, pro se, was present in open court. The following dialogue occurred between Gaietto and the court:
 COURT: And Mr. Noveck, as far as we know, is still in the county jail?
 GAIETTO: As of last night, yes. *Page 9 
 COURT: * * * And you had listed his address as Clarkston, Michigan. Do you have reason to believe that once he's out of jail he's gonna go to Michigan?
 GAIETTO: I hope so.
 COURT: Oh, okay. But you have no knowledge one way or the another [sic]?
 GAIETTO: No.
 COURT: Okay. Then, the simple question I always ask is, do you wish the Civil Protection Order to continue?
 GAIETTO: Yes, I do.
 COURT: Very well, then. It will be granted for a period of five years. Ma'am, you need to know that should he get out of jail and request a hearing, I would probably reschedule another hearing. * * * If he does not request a hearing, then it will be good for five years.
 * * *
 COURT: Do you have any questions, ma'am?
 GAIETTO: Uhm, no. I came all prepared, but I guess you don't need this stuff. That's okay.
 COURT: No, he's not here, and I've reviewed what you've already filed, and obviously the Magistrate took sworn testimony, or at least I assume that he did.
 GAIETTO: He did. He did. *Page 10 
(Full Hearing Tran., Sep. 10, 2007, at 2, 3, 4). The trial court relied solely on Gaietto's petition, which contained many "facts" that were not based on Gaietto's personal knowledge. In pertinent part, Gaietto's petition stated:
 He has threatened to my daughter that when he gets out of jail, he is coming to get her [and] take her to Michigan w/ him.
 * * *
 Noveck attempted to touch me [and] I pushed him away. He also forced my daughter to take narcotics [and] perform sex acts on him. See attached:
 * * *
 Martin Noveck was arrested for a DUI on my property 5/10/07. He had admitted that he drugged my daughter [and] she told me that he forced her to perform sex acts on him. He called her from the Seneca County Jail on 5/16/07 to let her know that when he gets out he wants to come [and] get her to take her to Michigan w/ him. He also wrote a letter from jail [and] had Dean Henry mail it to her, which we have not received yet. According to what my daughter said that there are some comments in the letter that are felt to be threatening. Whe[n] police searched my house, they took several drugs from his things.
 {¶ 16} The trial court merely assumed that the magistrate had taken sworn testimony during the ex parte hearing. Such assumption demonstrates that the trial court did not know whether testimony had been taken, and it certainly demonstrates that the trial court did not review the testimony from the ex parte hearing. Having only the allegations asserted in the petition before it, the trial court simply signed the CSPO into effect for a period of five years while noting *Page 11 
that if Noveck subsequently requested a hearing, the trial court would probably grant it. Such action is not within the meaning of "full hearing" provided by R.C. 2309.214(E)(3)(d). As such, the second assignment of error is sustained. This matter is remanded to the trial court for a full hearing.
 {¶ 17} The judgment of the Seneca County Common Pleas Court is reversed.
Judgment reversed.
 PRESTON and ROGERS, J.J., concur. *Page 1