**LOVE, f.k.a. Rable, Appellant,**

v.

**RABLE, Appellee.**

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15–2000–17.

Decided March 16, 2001.

64

Eva J. Yarger, for appellant.

W. Edward Hatcher, for appellee.

HADLEY, Judge.

{¶ 1} The plaintiff-appellant, Tamara Love ("appellant"), appeals from the judgment of the Van Wert County Court of Common Pleas granting visitation rights to Mary Jane Leathers, the child's first cousin once removed. The appellant also appeals from the court's order granting defendant David Rable the right to use the child as a tax dependent in alternating years. For the following reasons, we reverse the judgment of the trial court.

{¶ 2} The pertinent facts and procedural history in this matter are as follows. The appellant and the defendant, David Rable, were married on October 9, 1993. The parties had one child, K.R., born January 24, 1996. The appellant also had a daughter from a previous relationship, K.L. The appellant filed a complaint for divorce on August 16, 1999.

{¶ 3} On February 15, 2000, Rable pled guilty to one count of attempted gross sexual imposition, a felony of the fifth degree, and was found to be a sexual offender. The victim of Rable's crime was K.L., his stepdaughter. As a result of that conviction, the trial court denied Rable any right of visitation or contact with his daughter K.R.

{¶ 4} On March 21, 2000, Mary Jane Leathers, the first cousin of Rable, filed a motion to be joined as a party defendant in the divorce case. Leathers was seeking visitation rights to K.R. so the child would be able to maintain contact with the paternal side of her family. A hearing was held in this matter, and on May 3, 2000, the trial court granted Leathers's motion to be joined.

{¶ 5} The magistrate heard the final divorce hearing on June 16, 2000. After the hearing the parties filed briefs supporting their positions. On July 6, 2000, the magistrate filed his report and findings. The magistrate found that Leathers was a blood relative with an interest in the child and that, pursuant to R.C. 3109.051, visitation was in the best interest of the child. The appellant filed objections to the magistrate's report on July 21, 2000. The appellant objected to

the granting of visitation to Leathers and the granting of a tax exemption to Rable in alternate years.

{¶ 6} The trial court dismissed the appellant's objections to the magistrate's report for failure to file a transcript of the evidence presented at the final hearing. The trial court adopted the magistrate's findings in their entirety and issued the final decree of divorce on October 16, 2000. It is from this judgment that the appellant now appeals, asserting three assignments of error.

### Assignment of Error No. 1

{¶ 7} "The trial court abused its discretion in adopting findings of the magistrate that established a visitation schedule for a third party with the minor child over the objections of a parent and against the best interest of the child."

{¶ 8} In her first assignment of error, the appellant contends that the trial court abused its discretion when it awarded visitation to the third party, Mary Jane Leathers. The magistrate found that Leathers had an interest in the child and that based upon the testimony of Susan Burchfield, a licensed clinical counselor, visitation would be in the best interest of the child. The appellant filed an objection to this finding by the magistrate on July 21, 2000. However, the appellant failed to file a transcript of the evidentiary hearing held before the magistrate, as required by Civ.R. 53(E)(6), and the trial court dismissed her objections.

{¶ 9} When a party objecting to a magistrate's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 654 N.E.2d 1254; *High v. High* (1993), 89 Ohio App.3d 424, 624 N.E.2d 801; *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 548 N.E.2d 287. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. *Duncan*, 73 Ohio St.3d at 730, 654 N.E.2d 1254. Accordingly, any reference made by the appellant to facts outside of the magistrate's report cannot and will not be considered by this court.

{¶ 10} Nevertheless, the appellant's main contention is that the legal conclusions of the magistrate, adopted by the trial court (i.e., that Leathers had an interest in the child and that visitation was in the best interest of the child) do not follow from the factual findings contained in the report. In essence, the

appellant contends that the trial court abused it discretion in so holding. The term "abuse of discretion" connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 647 N.E.2d 799; *Duncan,* 73 Ohio St.3d at 730, 654 N.E.2d 1254.

{¶ 11} R.C. 3109.051 sets forth the standards to be used by a court when determining companionship or visitation rights. The section relevant in this matter is R.C. 3109.051(B)(1), which provides as follows:

{¶ 12} "In a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:

{¶ 13} "(a) The grandparent, relative, or other person files a motion with the court seeking companionship or visitation rights.

{¶ 14} "(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.

{¶ 15} "(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child."

{¶ 16} R.C. 3109.051(D) sets forth factors that a court shall consider in determining whether the granting of companionship or visitation is in the best interest of the child. The factors proscribed in R.C. 3109.051(D) are:

{¶ 17} "(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

{¶ 18} "(2) * * * [I]f the person who requested companionship or visitation is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence. * * *

{¶ 19} "(4) The age of the child;

{¶ 20} "* * *

{¶ 21} "(7) The health and safety of the child;

{¶ 22} "* * *

{¶ 23} "(9) The mental and physical health of all parties;

{¶ 24} "(10) * * * [I]f the person who requested companionship or visitation is not a parent, the willingness of that person to reschedule missed visitation;

**68**

{¶ 25}  "* * *

{¶ 26}  "(15) Any other factor in the best interest of the child."

■   {¶ 27}   In addition, we agree with the First District Court of Appeals' recent decision in *Gaffney v. Menrath* (1999), 132 Ohio App.3d 113, 724 N.E.2d 507.   In *Gaffney* the court held that, in addition to the statutory factors, in deciding whether to grant third-party visitation, the trial court must consider the extent to which the autonomy of either parent may be undermined, and the impact on the then existing family situation.   We believe that the strong constitutional protection afforded the right to rear one's children compels this conclusion.   See *Pierce v. Society of Sisters* (1925), 268 U.S. 510, 45 S.Ct. 571; 69 L.Ed. 1070;  *Prince v. Massachusetts* (1944), 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645;  *Wisconsin v. Yoder* (1972), 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15; *Troxell v. Granville* (2000), 539 U.S. 57.

■   {¶ 28}   In his report, the magistrate found that Mary Jane Leathers, the child's first cousin once removed, was seeking visitation with the child.   It appears from the report that this request was made solely because the child's father, due to his own actions of sexually assaulting his stepdaughter, was denied any contact with the child.   Leathers wished that contact between the child and her father's family be maintained.   The record further reveals that Leathers had had contact with the child over the years, as she babysat with the child and her sister.

{¶ 29}   Additionally, the magistrate's decision appeared to rely heavily on the testimony of Susan Burchfield, a licensed clinical counselor, who was working with the appellant and her older daughter in regards to the sexual contact that occurred with David Rable.   The magistrate's report indicates that Burchfield's only contact with the child in question was in the waiting room when her mother and sister came in for counseling.   Burchfield had never conducted a formal counseling session with the child in question.   Based on this limited evidence, the magistrate concluded that Leathers had an interest in the child and that the granting of visitation was in the best interest of the child.

■   {¶ 30}   We agree with the appellant's contention that the conclusion of the trial court, that visitation in this circumstance was in the best interest of the child, does not follow from its factual findings.   As previously stated, the right of a parent to make decision concerning the care, custody, and control of their child is fundamental.   *Stanley v. Illinois* (1972), 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551.   Given the strong constitutional protection afforded this issue, we find that the trial court abused its discretion in granting visitation based solely on the limited findings contained in the magistrate's record.   Accordingly, the

appellant's first assignment of error is well taken, and the judgment granting visitation to Mary Jane Leathers is hereby vacated.

Assignment of Error No. 2

{¶ 31} "The trial court committed plain error in failing to find that R.C. 3109.051(B)(1) is unconstitutional."

{¶ 32} In her second assignment of error, the appellant challenges the constitutionality of R.C. 3109.051(B)(1). Before addressing the merits of the appellant's contention, we must first determine whether or not we have jurisdiction to consider this matter.

{¶ 33} R.C. 2721.12 provides:

{¶ 34} "[I]f any statute or ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard."

{¶ 35} The Supreme Court of Ohio recently considered the application of R.C. 2721.12 in *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066. In *Cicco*, the court held that under the former version of R.C. 2721.12, which stated that "the attorney general shall be served with a copy of the proceedings," a party contesting the constitutionality of a statute must assert the claim in a complaint or other initial pleading, or an amended complaint or an amended pleading. Id. at 99, 728 N.E.2d 1066. Moreover, not only must the party assert the claim in an appropriate proceeding, the party must also serve the Attorney General "with a copy of the proceeding" that raises the constitutional issue. Id. If the party fails to fully comply with the requirements of R.C. 2721.12, a court lacks jurisdiction to hear the claim. *George Shima Buick, Inc. v. Ferencak* (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138; *Harmon v. Adams* (Feb. 16, 2001) Union App. No. 14–2000–33, 2001 WL 163423.

{¶ 36} The General Assembly's recent amendment of R.C. 2721.12, which controls in this matter, parallels the court's decision in *Cicco*. As stated above, the statute, effective September 24, 1999, now specifically states that if a statute is alleged to be unconstitutional the "attorney general shall also be served with a copy of the complaint in the action or proceeding and shall be heard."

{¶ 37} In the case at bar, the record does not indicate that the Attorney General was notified, in any form, that the appellant was challenging the constitutionality of R.C. 3109.051. Thus the appellant failed to comply with R.C. 2721.12 and properly invoke the jurisdiction of this court to consider a constitutional challenge.

{¶ 38}   Accordingly, this court cannot properly address the appellant's second assignment of error.

### Assignment of Error No. 3

{¶ 39}   "The magistrate and the trial court erred in granting the use of the tax exemption of the minor child to the defendant/appellee David Rable."

{¶ 40}   In her third assignment of error, the appellant maintains that the trial court erred in allocating the tax exemption to David Rable, the noncustodial parent.   As noted previously, the appellant filed an objection to this finding, but failed to file a transcript of the evidentiary hearing held before the magistrate and her objections were dismissed.   Therefore, our review is limited to whether the trial court's application of the law to the factual findings constituted an abuse of discretion.   See, also, Civ.R. 54.

{¶ 41}   The Ohio Supreme Court has held that the allocation of the tax exemption is directly related to the support of the child.   *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 588 N.E.2d 806.   As a result, a trial court's decision to allocate the tax exemption will be upheld provided that its decision will further the best interest of the child.   *Hurchanik v. Hurchanik* (1996), 110 Ohio App.3d 628, 674 N.E.2d 1260.   While there is a presumption in favor of awarding the tax exemption to the custodial parent, a trial court has authority to award the tax exemption to the noncustodial parent if it is demonstrated that there will be a net tax savings for the parents, which advances the best interest of the child.   *Singer*, 63 Ohio St.3d at 415, 588 N.E.2d 806.   Such savings would occur through allocation to the noncustodial parent only if the noncustodial parent's taxable income falls into a higher tax bracket than the tax bracket of the custodial parent. If both parents' incomes are taxed in the same tax bracket, no net savings are realized by allocating the exemption to the noncustodial parent.   Id. at 415, 588 N.E.2d 806; *Barlow v. Ray* (May 2, 1997), Marion App. No. 9–96–68, 1997 WL 232241.

{¶ 42}   In his report, the magistrate set forth the annual income of the parties as reflected in the child support computation filed on August 16, 1999.   The magistrate found the income of the appellant to be $33,800 and Rable's income to be $30,817.   From that information the magistrate awarded the tax exemption for the minor child to the appellant in all even numbered years and to the appellee in all odd numbered years.

{¶ 43}   This conclusion is clearly contrary to law.   According to the magistrate's report, the parties incomes fall into the same tax bracket;   therefore it cannot be concluded that there will be a net tax savings to the parties, which would be in the best interest of the child.   This error of law by the magistrate is

apparent from the face of the magistrate's report. The trial court's adoption of this error is an abuse of discretion. Accordingly, the appellant's third assignment of error is well taken, and the judgment of the trial court is modified to reflect that the appellant alone shall be entitled to claim the tax exemption for the minor child.

{¶ 44} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we vacate the judgment of the trial court as it pertains to visitation with third-party defendant, Mary Jane Leathers. Furthermore, we modify the trial court's judgment and order that the appellant is solely entitled to the tax exemption for the minor child.

Judgment vacated in part
and modified in part.

WALTERS, P.J., and SHAW, J., concur.