OPINION
{¶ 1} Appellant Sheila Selby is appealing the judgment of the Belmont County Court of Common Pleas granting custody of her three children to her ex-husband, Appellee Paul Richard Selby, in a divorce action. Although the court originally granted temporary custody of the children to Appellant while the divorce was pending, Appellee was designated as the residential parent after the final divorce hearing. Appellant contends on appeal that the trial court failed to consider that one of the children suffered from autism, and also improperly considered the parties' financial status in awarding custody to Appellee. The record does not reflect any improper considerations by the trial court, and the custody ruling is affirmed.
 {¶ 2} The parties were married on August 19, 1998. On September 13, 2005, Appellee filed a divorce complaint along with motions for temporary orders, including child custody orders. The parties had three minor children at the time the divorce complaint was filed: Zachary (age 6), Logan (age 6), and Christopher (age 5). Hearings were held on October 5th and 13th. While the temporary orders were being determined, Appellee was arrested for domestic violence, and a temporary restraining order was filed prohibiting him from having contact with Appellant and the children. The record indicates that Appellee assaulted Appellant twice, once when he was drunk and threw her against a wall, and another when he grabbed her around the throat and caused her to hit her head, requiring two stitches. The children witnessed one of these assaults. The restraining order was later modified so that he could see the children two days per week. The restraining order was later lifted after Appellee received counseling and after the domestic violence charge was dismissed. *Page 2 
 {¶ 3} The divorce hearing was held before a magistrate on July 25, 2006. The usual operator of the court's recording equipment was on vacation. Although another court employee attempted to record the hearing, it was later discovered that the hearing had not been recorded.
 {¶ 4} The magistrate's decision was filed on August 17, 2006. The magistrate designated Appellee as the residential parent of the three children. Appellant filed objections to the magistrate's decision. Since the custody hearing was not recorded, no transcript was available to support Appellant's objections. Appellant did not file an affidavit of the evidence as an alternative to the transcript, as required by Civ.R. 53(E)(3)(c). The trial court overruled the objections on October 18, 2006, and the court ordered Appellee to prepare a draft decree of divorce within fourteen days.
 {¶ 5} On November 14, 2006, Appellant filed an appeal of the trial court's judgment entry overruling her objections to the magistrate's decision. The divorce decree was not filed by the trial court until January 23, 2007. Appellant's notice of appeal was therefore premature because the final appealable order had not actually been filed at the time the notice of appeal was filed. A court entry that merely overrules objections to a magistrate's decision is not a final appealable order.Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 218,736 N.E.2d 101. It does not appear that the recommendations of the magistrate were actually implemented by the court until the final divorce decree was filed. App.R. 4(C) states: "A notice of appeal filed after the announcement of a decision, order, or sentence but *Page 3 
before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." The final appealable order in this case is the divorce decree. Appellant's notice of appeal is deemed to have been filed immediately after the divorce decree was filed on January 23, 2007.
 {¶ 6} Appellee has not responded to this appeal. App.R. 18(C) states: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 7} Appellant's four assignments of error will be reviewed out of order to aid in the analysis of the issues presented.
 ASSIGNMENT OF ERROR NO. 4 {¶ 8} "Defendant-Appellant is unable to have an effective appeal due to the fact that the trial court cannot provide a complete transcript of the proceedings."
 {¶ 9} Appellant contends that she cannot receive a fair appeal because the July 25, 2006, magistrate's hearing that forms the essence of this appeal was not properly recorded. Although Appellant is not at fault in the failure to record the custody hearing, it is nevertheless the responsibility of the Appellant to provide this Court with all parts of the trial court record necessary to resolve the issues on appeal.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. *Page 4 
App.R. 9(C) provides an alternative means of completing the record on appeal when a transcript of a hearing or proceeding is unavailable. "A 9(C) statement has been held sufficient to satisfy both due process and equal protection." In re Hannah (1995), 106 Ohio App.3d 766, 769,667 N.E.2d 76. A party is required to make a good faith effort to comply with App.R. 9(C). Id.
 {¶ 10} On February 6, 2007, the trial court filed an App.R. 9(C) statement of the evidence of the July 25, 2006, hearing in lieu of the transcript. On March 5, 2007, we issued a journal entry accepting the App.R. 9(C) statement as part of the record. Neither party has filed any other document challenging or commenting on the App.R. 9(C) statement of the evidence. If Appellant had concerns with the App.R.9(C) statement of the evidence provided by the trial court, she should have resolved them using the procedures set forth in the Rules of Appellate Procedure. Since there appears to be no proper objections or corrections to the statement of evidence as submitted, Appellant's due process rights have been satisfied and there is no prejudicial error with respect to the lack of a trial transcript or the inclusion of the App.R. 9(C) statement of the evidence as part of the record on appeal.
 {¶ 11} It must also be noted that Appellant did not provide the trial court with an affidavit of the evidence in lieu of transcript in conjunction with the objections that she filed to the magistrate's decision that awarded custody of the children to Appellee. Our review of the record normally only includes a review of the record as it existed at the time the trial court rendered the order or judgment that is on appeal. Waller v. Waller, 163 Ohio App.3d 303, 2005-Ohio-4891,837 N.E.2d 843, ¶ 33. The *Page 5 
trial court noted that Appellant could have, and should have, filed an affidavit of the evidence as an alternative to the July 25, 2006, hearing transcript, as provided for in former Civ.R. 53(E)(3)(c). "When a party objecting to a magistrate's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." Love v. Rable (2001), 147 Ohio App.3d 63,66, 768 N.E.2d 1185.
 {¶ 12} Appellant's argument is that the appeal will not be fair because she does not have access to a transcript of the divorce hearing. Appellant did have the ability to provide an affidavit of the evidence to the trial court in place of the hearing transcript. She failed to provide such an affidavit. Then, without filing anything further with this Court, she apparently directly asked the trial court to prepare an App.R. 9(C) statement of the evidence. The trial court prepared the statement, and it was filed as part of this appeal. Appellant did not challenge the accuracy of the statement of evidence filed by the trial court. Therefore, any perceived unfairness due to the lack of a trial transcript would appear to be due, at least in part, to Appellant's own actions. Appellant's failure to utilize the various procedural methods available to correct the record may be deemed as a waiver of any error regarding the lack of a trial transcript. In re Stone (Sept. 15, 2000), 11th Dist. No. 99-L-109.
 ASSIGNMENT OF ERROR NO. 3 *Page 6 {¶ 13} "Counsel was ineffective in his representation of Defendant-Appellant."
 {¶ 14} Appellant contends that she was denied effective assistance of counsel as guaranteed by the Sixth Amendment and as interpreted byStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The Sixth Amendment contains rights that attach to criminal prosecutions. This is a civil divorce proceeding. The right to effective assistance of counsel is not a right that can be invoked in a divorce case. Roth v. Roth (1989), 65 Ohio App.3d 768, 776, 585 N.E.2d 482. Therefore, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 15} "The trial court gave preference to the Plaintiff because of his misinterpretation of the reason Defendant quit so many jobs."
 {¶ 16} Appellant argues that the trial court used impermissible financial considerations in deciding to award custody of the children to Appellee. Appellant's argument is likely based on R.C. 3109.04(F)(3), which states: "When allocating parental rights and responsibilities for the care of children, the court shall not give preference to a parent because of that parent's financial status or condition." Appellant believes that the trial court based its decision, at least in part, on the assumption that Appellee had superior economic resources. Our review of the record reveals that Appellant is incorrect.
 {¶ 17} The magistrate's decision does not discuss the parties' economic status per se. The section of the decision dealing with child custody does contain some discussion of certain employment decisions made by both parties during the time *Page 7 
they were separated before the divorce. It has been held that R.C.3109.04(F)(3) does not prohibit the court from considering economic decisions that a party has made, such as employment decisions, that have an impact on the best interests of the children, and that such consideration by the trial court is not tantamount to considering the financial status of the parties. Rosebrugh v. Rosebrugh, 11th Dist. No. 2002-A-0002, 2003-Ohio-4595.
 {¶ 18} In this case, the magistrate noted that Appellee adjusted his work schedule so that he could be home when the children were released from school. Appellant, on the other hand, did not adjust her employment based on the interests of the children. Instead, Appellant based her decisions on whether or not she liked her current job. At the beginning of 2006, Appellant was working as a nurse's aide earning $8 per hour. That job included fringe benefits. While she worked as a nurse's aide, she was living in a home owned by her mother and was not paying any rent. In January or February of 2006, while she was still working as a nurse's aide and paying no rent, she allowed the home's heating supply to run out. She and the children had no heat for four days. In March of 2006, she quit her nurse's aide job to become a bartender, earning $4 per hour without benefits. The magistrate questioned Appellant's judgment in making this decision. A party's poor judgment regarding the best interests of the children is a legitimate factor in child custody decisions. Apgar v. Apgar (1984), 21 Ohio App.3d 193, 194,486 N.E.2d 1181; Lee v. Lee (Aug. 17, 2001), 3rd Dist. No. 17-01-5. *Page 8 
 {¶ 19} Furthermore, when the trial court overruled Appellant's objections, the trial judge specifically ruled out any possibility that the parties' financial status was being considered in awarding custody of the children to Appellee. The court interpreted the magistrate's discussion of the Appellant's employment choices as evidence of poor judgment, failure to provide a stable home environment, failure to provide adequate housing for the children, inability to properly govern her own schedule, and a basic failure to appreciate the realities of raising three children. These are the inferences the trial court drew from the magistrate's decision, and these are not inferences relating to the financial status of the parties. Therefore, any presumed error in the magistrate's decision was corrected by the trial court.
 {¶ 20} A non-exclusive list of factors is provided in R.C. 3109.04(F) for the trial court to use in making child custody decisions:
 {¶ 21} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 22} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 23} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; *Page 9 
 {¶ 24} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 25} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 26} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 27} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 28} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 29} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim *Page 10 
who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 30} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 31} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 32} A review of the full record in this case indicates that the trial court considered these factors, and did not consider improper factors, in awarding custody to Appellee. Both the magistrate and the trial judge expressly based their decision on the best interests of the children. The trial court did not consider either parent to be a bad parent, in fact, the magistrate's decision found that Appellant herself considered Paul to be a good father. (8/17/06 Decision, p. 4.) On the other hand, the magistrate found that Appellant had difficulty handling the children when they were in her care. The magistrate also noted that Appellant made a strange and alarming comment to Appellee's parents that, "she knew why that California woman 2 or 3 years ago drowned her kids." (8/17/06 Decision, p. 4.) The magistrate found that Appellant had mental health problems, noting that she threatened to commit *Page 11 
suicide in 2002, spent three days at Trinity Hospital as a result, and was put on medication.
 {¶ 33} The magistrate found that Paul was an effective advocate for the children. The court noted that Paul attended a counseling program related to the domestic violence charge, and was found not to be a danger to anyone. The magistrate's decision states that Appellant testified at the custody hearing that there were no other altercations with Paul and that she felt safe. The magistrate further noted that neither party presented any evidence arising from psychological evaluations. The magistrate found no problems with either parent concerning visitation.
 {¶ 34} The court noted that Paul was ordered to pay temporary child support and never evidenced any problem in making his payments.
 {¶ 35} The record indicates that many factors went into the trial court's decision to designate Paul as the residential parent, and there is no reason to conclude that any improper financial considerations had any bearing on the trial court's judgment. Even if the magistrate improperly considered the financial status of the parties, the trial judge corrected any alleged impropriety when reviewing Appellant's objections to the magistrate's decision.
 ASSIGNMENT OF ERROR NO. 1 {¶ 36} "The decision of the trial court to award custody to the appellee was contrary to the manifest weight of the evidence and contrary to the provisions of *Page 12 
section 3109.04 Ohio Revised Code, specifically as to the parties' son Christopher, who is autistic, which constituted an abuse of discretion."
 {¶ 37} In this assignment of error Appellant challenges the manifest weight of the evidence supporting the trial court's judgment pertaining to child custody. A trial court's decision regarding the custody of a child which is supported by competent and credible evidence will not be reversed absent an abuse of discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus; Rohrbaugh v. Rohrbaugh (2000),136 Ohio App.3d 599, 603. An abuse of discretion connotes an attitude on the part of the court that is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 38} Appellant argues that the trial court failed to consider evidence that one of her children suffered from autism, and failed to consider the effect of that autism on other facts in the case, such as her inability to maintain long-term employment. Appellant's arguments are unpersuasive.
 {¶ 39} First, Appellant's objections to the August 17, 2006, magistrate's decision do not discuss any error regarding Christopher's autism. The only mention of this in the objections is that "Christopher, the child with autism, has done especially well with Sheila who has helped with his development." Failure to specifically object to factual errors in a magistrate's decision, and to provide the proper evidentiary record to support the objections, constitutes a waiver of any error on appeal. Civ.R. 53(E)(3). As mentioned earlier, Appellant did not file an affidavit of the evidence so that the trial court judge could review factual issues as part of the objections to the *Page 13 
magistrate's decision. Absent a transcript or suitable alternative to support the objections, the trial court presumes regularity in the magistrate's proceedings, and a reviewing court adopts the same presumption of regularity of the trial court's proceedings. O'Brien v.O'Brien, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274, ¶ 14.
 {¶ 40} There are no means of determining how important a role Christopher's autism played in the trial court's proceedings because there is no record of the evidence regarding the child's autism. The magistrate did mention that Christopher suffered from autism, thus indicating that the court was aware of the issue. Ultimately, though, the trial court's custody decision was based on the overall best interests of the children, and not on any single factor, such as autism. No further review is possible as to how much weight the child's autism played in the decision to award custody of the children to Appellee, and therefore, this assignment of error is overruled.
 CONCLUSION {¶ 41} Even though there is no Appellee's brief in this appeal, it is inappropriate to grant Appellant the relief she seeks because her arguments are simply not supported by the record or by established law. Any claimed unfairness regarding the state of the record seems to be attributable, at least in part, to Appellant herself by not taking advantage of the procedural rules that could have recreated the evidence presented at the final divorce hearing. Appellant's argument regarding ineffective assistance of counsel relates to criminal cases, not divorce *Page 14 
proceedings. Her contention that the trial court failed to consider that her son suffered from autism is not supported by the record. And finally, even assuming that the magistrate made some error in reviewing the parties' employment history, this error was clearly corrected by the trial court when reviewing Appellant's objections to the magistrate's decision. All four of Appellant's assignments of error are overruled, and the judgment of trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1