[Cite as *Wu v. Li*, 2013-Ohio-527.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LIPING WU, | : | |
| | | CASE NO.  CA2012-04-091 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 2/19/2013 |
| - vs - | | |
| | : | |
| HANBING LI, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2011-02-0200


M. Lynn Lampe, 1248 Nilles Road, Suite 7, Fairfield, Ohio 45014, for plaintiff-appellant

Loretta Marie Helfrich, 3573 Columbia Parkway, Cincinnati, Ohio 45226, for defendant-appellee


**M. POWELL, J.**

{¶ 1}   Plaintiff-appellant, Liping Wu (Wife), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, dividing property in a divorce action involving herself and defendant-appellee, Hanbing Li (Husband).

{¶ 2}   The parties were married in 2004.  They have one child born in 2010.  On February 17, 2011, Husband moved out of the marital home.  That same day, Wife filed a

complaint for divorce and moved for an order "regarding the payment of marital debts as the parties are still residing in the marital residence." The trial court signed an order finding that "at the time of filing of this action, both parties are living in the same household," and ordering the parties "to continue to pay their marital debts and obligations in accordance with the established practices of the household."

{¶ 3} At the end of May 2011, Wife moved out of the marital home. No explanation was given as to why she did so. Wife paid $300 to have the house appraised and $175 to have it cleaned. Husband paid $206.70 for a lawn service for the house and $339 to remove junk from the basement. The house sold in August 2011. Net proceeds of $6,429.80 were held in escrow with the title company.

{¶ 4} A hearing was held before the trial court in November 2011. The parties' testimony reveals that (1) until he moved out of the marital home, Husband paid the mortgage while Wife paid other household bills; (2) Husband paid the mortgage in February; (3) after Husband told Wife he could not pay the mortgage, she contributed $2,000 toward the March mortgage payment; (4) thereafter and until the house sold in August 2011, Wife paid the mortgage; and (5) between March and August 2011, Wife paid $15,495.63 in mortgage payments, which included interest and taxes.

{¶ 5} By decision filed on January 20, 2012, the trial court equally divided the marital assets between the parties. Specifically, the trial court found that the parties' numerous retirement funds and banking accounts were marital assets and divided them between the parties. With regard to the marital home, the trial court found that (1) Wife "made marital contributions toward the mortgage principal paydown in the amount of $5,817.52," (2) the appraisal and cleaning fees were marital expenses for the sale of the home and credited Wife for one-half, and (3) the lawn service and junk removal fees were marital expenses for the sale of the home and credited Husband for one-half. Then, "[a]fter offsetting the parties'

respective expenses," the trial court found that "[Wife] is entitled to $6,199.50 of the escrowed proceeds from the sale of the residence, and [Husband] is entitled to $230.30. However, [Husband] shall receive the entire balance of the escrowed funds as part of the equitable distribution of assets."

{¶ 6} As previously agreed by the parties, the trial court awarded the 2008 Scion XB wagon to Wife and the 2003 Honda Accord coupe to Husband. The trial court valued the Scion XB at $11,150, the Honda Accord at $6,275, and used both vehicles' value in its calculation of the property division. As a result of the trial court's property division, each party received $136,406.86.

{¶ 7} Wife appeals, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CREDIT [WIFE] FOR MONTHLY MORTGAGE PAYMENTS SHE MADE ON THE MARITAL RESIDENCE DURING THE PENDENCY OF THE DIVORCE.

{¶ 10} When dividing property in a divorce proceeding, a trial court must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). After determining whether the assets are separate or marital property, the trial court must then disburse a spouse's separate property to that spouse, and divide the marital property equally between the spouses unless the court finds that an equal division would be inequitable. R.C. 3105.171(C)(1), (D); *Boyer v. Boyer*, 12th Dist. Nos. CA2010-04-083, CA2010-05-109, 2011-Ohio-989, ¶ 9. The trial court is given broad discretion in fashioning a property division and will not be reversed absent an abuse of that discretion. *Boyer* at *id.* An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Wife first argues the trial court abused its discretion when it only gave her credit

for the principal paydown on the mortgage ($5,817.52), and not for the entire monthly mortgage payments she made ($15,495.63) after Husband vacated the marital home.

{¶ 12} We find no abuse of discretion in the trial court's decision to credit Wife with only the principal paydown on the mortgage. Wife asserts it was arbitrary for the trial court to credit her with only the mortgage principal paydown "when it is undisputed [she] paid $15,495.63 in mortgage payments which Husband was ordered to pay." It is true that the trial court's order, which was filed shortly after Wife filed for divorce, ordered the parties "to continue to pay their marital debts * * * in accordance with the established practices of the household." The record shows that before Husband vacated the marital home, he was the one paying the mortgage. However, the trial court's order was specifically based on the fact that the parties were living in the same household. This order was to maintain the status quo and was not a final allocation of any of the marital debts. After Husband moved out of the house and told Wife he could no longer pay the mortgage, she unilaterally arranged for the mortgage payments to be directly paid from her own bank account.

{¶ 13} Further, Wife's argument fails to acknowledge that she had exclusive use of the marital home after Husband vacated the home in February 2011, while he incurred expenses in obtaining and maintaining a separate residence for himself.[1] *See Novello v. Novello*, 7th Dist. No. 10 NO 378, 2011-Ohio-2973 (trial court did not abuse its discretion in failing to credit husband with mortgage payments he made after the parties' separation as he continued to live in the house); *Patridge v. Matthews*, 12th Dist. No. CA2000-04-007, 2001 WL 171011 (Feb. 20, 2001) (same); *Galloway v. Khan*, 10th Dist. No. 06AP-140, 2006-Ohio-6637 (trial court did not abuse its discretion in failing to credit wife with mortgage payments

---

1. Wife testified that after she moved out of the marital house in late May 2011, Husband told her he would bring their child to the house for his parenting time. At the time, Husband lived in Batavia, Ohio. The marital house is in West Chester, Ohio. The record does not indicate whether Husband did in fact use the house for his parenting time.

she made during the parties' separation and will make until the house is sold, as wife had the benefit of living in the house while husband did not); *Stacy v. Stacy*, 11th Dist. No. 2004-A-0076, 2005-Ohio-5289 (trial court did not abuse its discretion in not awarding husband reimbursement for the portion of the mortgage attributable to principal and interest, as husband had exclusive use of the house during divorce proceedings while wife had to maintain a separate residence).

{¶ 14} We are mindful that Wife moved out of the house in late May 2011. However, no explanation was given as to why she moved out only to incur additional living expenses. Wife could have sought an order from the trial court to address the situation regarding the expenses related to the home after Husband moved out. She did not. Rather, she unilaterally assumed the mortgage expense and retained the right to reside in the house.

{¶ 15} Wife also argues the trial court erred when it found she was entitled to $6,199.50 of the escrowed proceeds, yet awarded the entire amount of the proceeds ($6,429.80) to Husband.

{¶ 16} As stated earlier, the trial court credited Wife with $6,199.50 for paying down the mortgage principal by $5,817.52 and for her payment of the appraisal and cleaning service fees. By contrast, the trial court credited Husband with $230.30 for his payment of the lawn service and junk removal fees. Yet, the trial court awarded Husband the entire amount of the proceeds "as part of the equitable distribution of assets."

{¶ 17} A decision is unreasonable when there is no sound reasoning process that would support that decision. *Picciano v. Lowers*, 4th Dist. No. 08CA38, 2009-Ohio-3780, ¶ 25. We find it was unreasonable for the trial court to award the entire amount of the proceeds to Husband given its clear finding Wife was entitled to $6,199.50 of the proceeds and Husband was only entitled to $230.30 of the proceeds. We note that the trial court could have divided the parties' bank accounts, in particular the FRFCU Savings Account #2678,

differently in order to achieve an equal division of the parties' marital property.

{¶ 18} We therefore find that the trial court did not abuse its discretion when it only gave Wife credit for the principal paydown on the mortgage ($5,817.52), and not for the entire monthly mortgage payments she made ($15,495.63) after Husband vacated the marital home.  However, we find that the trial court abused its discretion when it did not award Wife $6,199.50 of the escrowed proceeds and instead awarded the entire amount of the proceeds ($6,429.80) to Husband.

{¶ 19} Wife's first assignment is sustained in part and overruled in part.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING THE VEHICLE EQUITY AS PART OF THE PROPERTY DIVISION, WHEN THE PARTIES HAD PREVIOUSLY AGREED TO DIVIDE THE VEHICLES AS PART OF THE HOUSEHOLD GOODS AND FURNISHING DIVISION.

{¶ 22} Wife argues the trial court abused its discretion when it used the value of the parties' vehicles as part of the property division.  Wife asserts the value allocated by the trial court to each of the vehicles should not have entered into its calculation of the overall equal property division because prior to the hearing, the parties had entered into an agreement regarding the distribution of their household goods and furniture, which included both vehicles.

{¶ 23} The record shows that some time before July 26, 2011, the parties entered into an agreement regarding the distribution of the household goods and furniture. The document lists various items of property, including the parties' two vehicles, and has columns indicating which spouse is to receive which property.  Each page of the document is initialed by the parties.  The document does not assign a value to any of the items listed, including the vehicles.  The document does not address whether and how the value of the items in

general, and of the vehicles in particular, should be considered in an overall property division. Only the value of the vehicles was used by the trial court in determining an equal division of the marital property.

{¶ 24} At the November 2011 hearing, the parties testified about the condition of their respective vehicles. The parties agreed that the value the trial court would assign to the vehicles would be based on NADA trade-in values. *See Hess v. Riedel-Hess*, 153 Ohio App.3d 337, 2003-Ohio-3912 (10th Dist.) (the National Automobile Dealer Association (NADA) handbook is a standard tool for determining the value of a vehicle).

{¶ 25} The parties' testimony reveals that shortly after the parties initialed the agreement regarding the distribution of the household goods and furniture, Husband's counsel sent a letter to Wife notifying her that Husband wanted to offset the vehicles' value. Notwithstanding Husband's position, the parties went ahead and divided the household goods and furniture, including the vehicles. At trial, Wife testified that given the parties' agreement, she did not believe the value of the vehicles should be offset against one another as part of the property division.

{¶ 26} Upon reviewing the record and the parties' testimony, we cannot say that the trial court abused its discretion in using the value of the vehicles in its calculation of the overall property division. Wife's second assignment of error is overruled.

{¶ 27} Judgment affirmed in part, reversed in part, and remanded to the trial court for a redistribution of the escrowed proceeds from the sale of the marital home in accordance with the trial court's findings in its January 20, 2012 decision.

HENDRICKSON, P.J., and RINGLAND, J., concur.